FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
2/28/2025 7:51 AM
JAMIE SMITH
DISTRICT CLERK
25DCCV0420

CAUSE NO._____

| | | |
|---|---|---|
| **GLENN ALEXANDER** § | | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* § | | |
| § | | |
| **v.** § | | _____ **JUDICIAL DISTRICT** |
| § | | |
| **ASSOCIATED GROCERS, INC.** § | | |
| **and TRAVELLIS HOSEA HARRIS** § | | |
| *Defendants.* § | | **JEFFERSON COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff Glenn Alexander (Plaintiff) complaining of Associated Grocers, Inc. ("Associated Grocers"), and Travellis Hosea Harris ("Harris") and for cause of action shows unto the Court the following:

### I.   DISCOVERY LEVEL

1. Discovery may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### II.   JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this lawsuit because the amount in controversy exceeds the minimum jurisdictional amount of this Court.

3. This Court has jurisdiction because Plaintiff and Defendants reside and/or conduct business in Texas.

4. Venue is proper in this Court pursuant to Tex. Civ. Prac. Rem. Code § 15.002(2) and § 15.002 because Jefferson County is the county in which one or more of the parties are located, and because Jefferson County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

5. Pursuant to Tex. R. Civ. P. 47(c), Plaintiff is seeking monetary relief in excess of $1,000,000 or a just and reasonable amount as determined by a jury.

EXHIBIT B

### III.     PARTIES

6. Plaintiff Glenn Alexander is an individual residing in Jefferson County, Texas.

7. Defendant Associated Grocers is a company doing business in Texas, and may be served with process by serving its registered agent, Prentice Hall Corporation System at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever he may be found. **Citation is requested.**

8. Defendant Travellis Hosea Harris is an individual residing in Louisiana and may be served at his usual place of residence, 8322 Calverton Dr., Baton Rouge, Louisiana 70818, or wherever he may be found. **Citation is requested.**

### IV.     RULE 193.7 NOTICE

9. Plaintiff provides under Tex. R. Civ. P. 193.7 notice of the use of any and all documents produced by Defendants at the time of trial. Such discovery instruments include, but are not limited to, all documents Defendants produce in response to Plaintiff's written requests.

### V.     BACKGROUND

10. On or about May 4, 2023, Plaintiff was traveling west in the inside lane of I-10 lane in Jefferson County, Texas. Defendant Harris was operating a Freightliner tractor hauling a trailer. Defendant Harris was hauling the tractor and trailer within the course and scope of his employment for Defendant Associated. Defendant Associated Grocers selected Defendant Harris to transport the load involved in the crash made the basis of this suit. Defendant Harris was traveling westbound in the outside lane of the I-10. Defendant Harris unsafely changed lanes striking Plaintiff. Defendant Harris' tractor and trailer collided with Plaintiff causing Plaintiff to suffer debilitating injuries and damages, including, but not limited, to his neck, back, and right arm.

11. At all times material hereto, Defendant Harris was in the course and scope of his

employment for Defendant Associated Grocers and/or engaged in the furtherance of business for Defendant Associated Grocers. Defendant Associated Grocers are jointly and severally liable for the acts or omissions of Defendant Harris under the theory of *respondeat superior*.

## VI.    CAUSES OF ACTION

### A.  *NEGLIGENCE* – Travellis Hosea Harris

12.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

13.    Defendant Harris was negligent in his operation of his vehicle and causing a crash with Plaintiff.

14.    Defendant Harris was also negligent per se because the above conduct violates state laws and/or federal regulations intended to prevent the types of harms suffered by Plaintiff including but not limited to the Texas Transportation Code § 542.301; § 542.302; § 545.

15.    The above cited acts of negligence proximately caused the car crash that resulted in Plaintiff's injuries.

16.    As a result, Plaintiff was damaged as set forth below.

17.    These acts and omissions were carried out when Defendant Harris knew, or should have known, that these acts and omissions would lead to an incident. Defendant Harris' acts were done with reckless disregard of an objectively grave risk taking into account both the probability of the harm and the severity of the harm.

18.    Plaintiff would show that Defendant Harris was the driver of a commercial motor vehicle operated for profit.  Defendant Harris had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

19.    Plaintiff's injuries were proximately caused by Defendant Harris' negligent and

careless disregard of this duty. The negligent and careless disregard of this duty consisted of, but is not limited to, the following acts and omissions:

    a.    driving while distracted;

    b.    not maintaining a safe following distance;

    c.    not controlling his speed;

    d.    disregarding a traffic control device;

    e.    failure to use care that would have been exercised by a person of ordinary prudence under the same or similar circumstances;

    f.    failing to give the right of away to Plaintiff;

    g.    failing to change lanes when safe;

    h.    failing to control his vehicle; and

    i.    such additional acts of negligence and gross negligence, which will be established as the case progresses.

20.    Plaintiff further alleges that Defendant Harris is liable under the doctrine of res ipsa loquitur. The character of the incident made the basis of this suit, is such that it would not ordinarily occur in the absence of negligence, and Defendant Harris had management and control over the instrumentality and activity in question.

### B. *NEGLIGENCE* – Associated Grocers, Inc.

21.    Plaintiff incorporates all other paragraphs as if fully set forth herein.

22.    At the time of the occurrence of the act in question and immediately prior thereto, Defendant Harris was engaged in the furtherance of Defendant Associated Grocers' business. Defendant Associated Grocers had a duty to hire a competent employee and/or driver to drive a vehicle for Defendant Associated Grocers, properly supervise its drivers and employees, properly

train its drivers and employees, and implement safety rules/ policies related to safe driving. Given the substantial transportation requirements of the business of Defendant Associated Grocers, they had a duty to properly hire, train, conduct background checks, and/ or supervise drivers and employees because of the foreseeable harms caused by motor collisions.

23. Defendant Associated Grocers breached its duties to Plaintiff by not properly investigating the qualifications of Defendant Harris before hiring Defendant Harris and allowing him to drive on Texas roads for Defendant Associated Grocers. Defendant Associated Grocers further breached its duties to Plaintiff by not supervising Defendant Harris while on the job. Defendant Associated Grocers further breached its duties to Plaintiff by negligently retaining Defendant Harris on the job. Defendant Associated Grocers further breached its duties to Plaintiff by negligently inspecting or failing to inspect the vehicle Defendant Harris was operating on the job. Defendant Associated Grocers further breached its duties to Plaintiff by entrusting its tractor and/or trailer to Defendant Harris an incompetent and/or reckless driver.

24. As described herein, Defendant Associated Grocers was negligent on the occasion in question.

25. Defendant Associated Grocers' negligence, these acts and/or omissions, singularly or in combination with the actions described above, were the proximate causes of Plaintiff's damages.

## VII.     DAMAGES

26. Plaintiff incorporates all other paragraphs by reference here fully.

27. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered severe injuries and incurred the following damages:

>    a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries

  resulting from the crash complained of herein and such charges are reasonable and were usual and customary charges for such services in the county of service;

b. Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

c. Physical pain and suffering in the past;

d. Physical pain and suffering that will, in all reasonable probability, be suffered in the future;

e. Physical impairment in the past;

f. Physical impairment which, in all reasonable probability, will be suffered in the future;

g. Mental anguish in the past;

h. Mental anguish which, in all reasonable probability, will be suffered in the future;

i. Disfigurement in the past and future;

j. Cost of medical monitoring and prevention in the future;

k. Exemplary damages; and

l. Any and all other damages to which Plaintiff shows entitlement in law or equity through the course of this proceeding.

## VIII. JURY DEMAND

28. Plaintiff hereby respectfully demands a jury trial and tenders the jury fee with this filing.

## IX. NOTICE TO PRESERVE EVIDENCE

29. Plaintiff hereby demands that all Defendants preserve and place a litigation hold on all documents, tangible things, and electronically stored information that arise out of or relate to the incident made the basis of this suit, further described elsewhere herein. This includes, but is not limited to, all documents, photos, video, audio, cell phone records/data, and electronically stored information.

## X. PRAYER

30. For those reasons, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and, upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the court; together with pre-judgment interest (from the date of the injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which the court determines Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**WILLIAMS HART & BOUNDAS, LLP**

By: */s/ Cesar Tavares*
Cesar Tavares
State Bar No. 24093726
Alma J. Reyes
State Bar No. 24064392
Michael Samaniego
State Bar No. 24115715
Alejandro Salicrup
State Bar No. 24138723
8441 Gulf Frwy, Suite 600
Houston, Texas 77017-5001
(713) 230-2200- Telephone
(713) 643-6226- Facsimile
tavareslitteam@whlaw.com - E-Service Email

**ATTORNEYS FOR PLAINTIFF**